**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

ALLSTATE INSURANCE COMPANY,

                         Plaintiff,          **REPORT AND RECOMMENDATION**

  -against-

MAHADEO SINGH, SHOBA SINGH A/K/A        19-CV-1853 (JMA) (ST)
PADMOUTIE SINGH INDIVIDUALLY AND AS
ADMINISTRATOR OF THE ESTATE OF
SHELDON SINGH, AND ADAM
ABBAS,

                         Defendants.
-------------------------------------------------------------X

**TISCIONE, United States Magistrate Judge:**

      Allstate Insurance Company ("Allstate") brought an action seeking a declaratory judgment against Mahadeo Singh ("Mahadeo"), Shobha Singh a.k.a. Padmoutie Singh ("Padmoutie") individually and as administrator of Sheldon Singh ("Sheldon"), and Adam Abbas ("Adam") (collectively, "Defendants") alleging that Allstate has no duty to defend Sheldon under the Allstate Deluxe Homeowners Policy ("Policy"). Now before this Court is Allstate's Motion for Summary Judgment seeking a declaration that it has no duty to defend or indemnify Sheldon in an underlying personal injury action pursuant to the Policy.

      The Honorable Joan M. Azrack referred Allstate's Motion to the undersigned to issue a Report and Recommendation.

      For the below stated reasons, this Court respectfully recommends that Allstate's Motion for Summary Judgment be granted.

## I. BACKGROUND

Allstate is an insurance company duly organized under the laws of the State of Illinois. Compl. ¶ 2. Allstate is authorized to issue insurance policies within the State of New York including the Policy issued to Defendants Mahadeo and Padmoutie. *Id*. ¶ 2.

Defendants Mahadeo, Padmoutie, and Adam are individuals residing in New York. *Id*. ¶¶ 3-6. Defendant Sheldon is deceased and Padmoutie is the Administrator of his estate. Allstate's Rule 56. 1 St. ¶ 4.

### A. The Underlying Action

In 2017, Defendant Abbas initiated a personal injury lawsuit against Defendant Sheldon in the Supreme Court of the State of New York, Suffolk County, for damages allegedly sustained as a result of an incident that occurred on August 19, 2016 (the "Underlying Action"). Compl. ¶ 9. The complaint in the Underlying Action alleged that Sheldon intentionally beat and assaulted Abbas by punching him in the face. *Id*. ¶¶ 12, 19; Allstate's Mot., New York State Compl., Ex. D.

In 2018, Sheldon appeared for a deposition in the Underlying Action and provided an explanation as to why he punched Abbas. *See* Allstate's Mot., Mem. of Law at 6. Sheldon testified that Abbas and he were friends from high school. *See* Allstate's Mot., Sheldon's Dep. Tr. at 9, Ex. G. Sheldon stated that Samantha Coyne, who was Sheldon's former girlfriend in high school, was a mutual acquaintance of both Sheldon and Abbas. *Id*. at 10; Allstate's Rule 56. 1 St. ¶ 11. Sheldon further testified that after he parted ways with Coyne, Abbas had been "hanging out" with Coyne and they went to the beach together. *Id*. ¶ 11. Sheldon angrily confronted Abbas, on August 19, 2016, about why he went to the beach with his former girlfriend and ended up punching Abbas in the face. *Id*. ¶ 13.

Resultingly, Abbas sustained a broken jaw and Sheldon testified that he was arrested a week later.  *See* Sheldon's Dep. Tr. at 21-23.  Sheldon also testified that he pled guilty to the charge of Assault in the Third Degree and was sentenced to three years of probation.  *Id*.

**B.  The Allstate Policy**

Pursuant to the Homeowner's Policy issued by Allstate to Mahadeo and Padmouti, Allstate allegedly continues to defend Sheldon in the Underlying Action.  Compl. ¶ 13.  The Policy provides for family liability protection provisions and coverage for bodily injury or property damage arising from an "occurrence."  The Policy provides in relevant part:

Family Liability Protection – Coverage X

…Allstate will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and is covered by this part of the policy. [Allstate] are not obligated to pay any claim or judgment after we have exhausted our limit of liability.

If an insured person is sued for these damages, [Allstate] will provide a defense at [their] expense with counsel of [their] choice, even if the allegations are groundless, false or fraudulent…

*See* Allstate's Mot., Insuring Agreement, Section II Family Liability and Guest Medical Protection at 22, Ex. E.  The Policy defines an "occurrence" as follows:

"Occurrence" - means an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage.

*Id*. at 4.  Additionally, the Policy contains the following exclusion:

Losses [Allstate Does Not] Cover Under Coverage X:
1. [Allstate does] not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, an insured person.

3

*Id*. at 24. Allstate seeks a declaration that it has no duty to defend or indemnify Sheldon in the Underlying Action pursuant to the terms of the Policy. Allstate's Not. of Mot.; Compl. ¶ 26.

### C. Procedural History

On November 4, 2017, Abbas filed the Underlying action against Sheldon. Compl. ¶ 9; New York State Compl. ¶ 16, Compl., Ex. A

On June 20, 2018, Sheldon appeared for a deposition in the Underlying Action where he provided an explanation as to why he punched Abbas in the face. *See* Allstate's Mot., Mem. of Law at 6. Admittedly, Sheldon pled guilty to the charge of Assault in the Third Degree and was sentenced to three years of probation. *See* Allstate's Mot., Sheldon's Dep. Tr. at 22, Ex. G.

On April 1, 2019, Allstate initiated the instant action against Defendants seeking a declaratory judgment that Allstate is not obligated to defend and/or indemnify Sheldon in the Underlying Action. DE 1.

On October 22, 2021, the Honorable Steven Locke issued an Order to substitute Padmoutie, as administrator of the estate of Sheldon, as the party in interest following the death of Sheldon. DE 23.

On February 2, 2022, Allstate moved for summary judgment. DE 28.

## II. JURISDICTION

Jurisdiction in this action is based on diversity. Plaintiff Allstate is an insurance Company, with its principal place of business in Illinois, and is authorized to issue insurance Policies in New York. Compl. ¶ 2. Defendants Mahadeo, Padmoutie, and Abbas reside in New York. *Id*. ¶ 3-6. The amount in controversy in the instant matter exceeds $75,000.00 exclusive of interest and costs. *See* Allstate's Mot., Mem. of Law at 8.

### III.     LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine dispute exists as to a material fact when "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In determining whether a genuine dispute exists as to a material fact, the Court is required to "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (internal quotation marks and citation omitted). "If there is evidence in the record from which an inference could be drawn in favor of the non-moving party on a material issue of fact, summary judgment is improper." *Holt v. KMI-Cont'l*, 95 F.3d 123, 129 (2d Cir. 1996).

A "party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," as mere "conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (internal quotation marks and citation omitted). "The moving party bears the initial burden of establishing that there are no genuine issues of material fact[;] once such a showing is made, the non-movant must 'set forth specific facts showing that there is a genuine issue for trial.'" *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000) (internal citations omitted).

## IV. DISCUSSION

### A. New York Law Governs the Interpretation of the Insurance Policy Contract

Allstate argues for the application of New York Law. Defendants do not oppose the application of New York law.

A federal court exercising diversity jurisdiction must apply the choice of law analysis of the forum state, here New York, to determine which state law applies. *GlobalNet Financial.Com Inc. v. Frank Crystal & Co., Inc.*, 449 F.3d 377, 382 (2d Cir. 2006); *Hartford Fire Ins. Co. v. Orient Overseas Containers Lines (UK) Ltd.*, 230 F.3d 549, 556 (2d Cir. 2000). Under New York's choice of law analysis, it is clear that "in cases involving a contract with an express choice-of-law provision, absent fraud or a violation of public policy, a court is to apply the law selected in the contract as long as the state selected has sufficient contacts with the transaction." *Hartford Fire Ins.*, 230 F.3d at 556. In the absence of an express choice of law provision, New York would apply a "center of gravity" or "grouping of the contacts" approach. *Tri–State Employment Servs., Inc. v. Mountbatten Sur. Co., Inc.*, 295 F.3d 256, 260–61 (2d Cir.2002). "[C]ourts may consider a variety of significant contacts, including the place of contracting, the places of negotiation and performance, the location of the subject matter, and the domicile or place of business of the contracting parties." *Tri–State*, 295 F.3d at 261. In the context of insurance contracts, the law to be applied is generally the law of the state which the parties understood to be the location of the insured risk. *Allstate Insurance Company v. Vitality Physicians Group Practice P.C.*, 537 F.Supp.3d 533, 551 (S.D.N.Y. 2021).

Here, New York law should be applied for several reasons: First, certain exhibits and endorsements to the Policy expressly state that "the laws of New York shall govern any and all claims or disputes in any way related to this [P]olicy". *See* Allstate's Mot., Insuring Agreement

6

at 59, Ex. E. Second, the Policy was entered into in New York, providing coverage for potential homeowner's risks with regards to Mahadeo's property located in New York. *See* Allstate's Mot., Insuring Agreement, Ex. E. Third, the Underlying Action was commenced in New York's state court. *See* Allstate's Mot., New York State Compl., Ex. D. Last, all the acts or omissions attributed to Sheldon including punching Abbas in his face and getting arrested have occurred in New York. *See* Allstate's Mot., Sheldon's Dep. Tr. at 22, Ex. G.

Thus, this Court respectfully recommends that New York law, as selected by the parties in the Policy, should be applied in resolving this insurance coverage dispute.

### B. Sheldon is not Entitled to and is Otherwise Excluded from Coverage Under the Policy

Under New York law, the interpretation of an insurance policy is a question of law. *Navigators Insurance Company v. Goyard, Inc.*, 20 Civ. 6609 (AKH) (GWG), 2022 WL 2205596 at 3-4 (S.D.N.Y. June 21, 2022). "[I]nsurance policies are interpreted according to general rules of contract interpretation." *Olin Corp. v. Am. Home Assur. Co.*, 704 F.3d 89, 98 (2d Cir. 2012). When resolving a dispute over insurance coverage, courts should first look to the language of the policy. *See Catlin Speciality Ins. Co. v. QA3 Financial Corp.*, 36 F.Supp.3d 336, 340-41 (S.D.N.Y. 2014). "[C]ourts bear the responsibility of determining the rights or obligations of parties under insurance contracts based on the specific language of the policies." *Sanabria v. American Home Assur. Co.*, 68 N.Y.2d 866, 868 (1986) quoting *State of New York v. Home Indem. Co.*, 66 N.Y.2d 669, 671 (1985). The unambiguous provisions must be given their plain and ordinary meaning. *Id*.

In the context of insurance disputes, it is generally "for the insured to establish coverage and for the insurer to prove that an exclusion in the policy applies to defeat coverage."

7

*Consolidated Edison Co. of N.Y., Inc. v. Allstate Ins. Co.*, 98 N.Y.2d 209, 218 (2002); *see also York Restoration Corp. v. Solty's Const. Inc.*, 79 A.D.3d 861, 862 (2d Dep't 2010). Whether the issue in a coverage dispute involves one of coverage (placing the burden on the insured), or a matter of exclusion (placing the burden on the insurer), centers on the language of the insurance policy. *Id*.

Here, the burden of proof is on the insured Defendants to establish coverage under the Allstate policy, after which, Allstate must show if any exclusions apply. To meet their respective burdens, both parties rely on Sheldon and Abbas's testimony conducted during the Underlying Action. *See generally*, Allstate's Mot., Ex. F & G; Defs.' Opp. Defendants rely, among other things, on Sheldon's prior testimony in the Underlying Action to claim coverage. *See generally*, Defs.' Opp. Allstate also submits the transcripts from the Underlying Action to show that Sheldon is not entitled to, and is otherwise excluded from, coverage under the Policy. *See generally*, Allstate's Mot., Ex. F & G. The Courts in this Circuit regularly rely upon the testimonies conducted in the underlying actions. *See e.g., Harleysville Worcester Insurance Company v. Wesco Insurance Company, Inc.*, 314 F.Supp.3d 534, 546 (S.D.N.Y. 2018) (relying on testimony produced in discovery in the underlying action); *Those Certain Underwriters at Lloyd's, London v. DVO, Inc*. 473 F.Supp.3d 236, 248-49 (W.D.N.Y. 2020) (relying on the discovery in the underlying action on cross-summary judgment motions by the insurer and insured).

Thus, this Court will interpret the terms of the Policy as a matter of law and review the deposition testimonies conducted in the Underlying Action.

### 1. Sheldon is not Entitled to Coverage Under the Policy

The Policy issued to Mahadeo and Padmoutie provides for family liability protection provisions wherein Allstate is required to "pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies…" *See* Allstate's Mot., Insuring Agreement, Section II Family Liability and Guest Medical Protection, p. 22, Ex. E.  For coverage to attach, the injuries alleged must arise out of an "occurrence".  *Id.*  Pursuant to the Policy, an "occurrence" is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage." *Id*. at 4. Accordingly, the existence of coverage is dependent upon whether the injuries were caused by an accident.  "This framework is common in insurance agreements, and New York courts have interpreted the term "accident" to mean something "unexpected, unusual, and unforeseen," and "a sudden and instant happening assignable to something catastrophic or extraordinary."" *Vitality Physicians Group Practice P.C.*, 537 F.Supp.3d at 551; *Michaels v. City of Buffalo*, 85 N.Y.2d 754, 757-58 (N.Y. 1995).

Whether an event is an "accident" is not determined by reference to the injured party, but in relation to the insured party.  *Id.*; *see Agoado Realty Corp. v. United Int'l Ins. Co.*, 95 N.Y.2d 141, 145 (N.Y. 2000).  In the insurance context, an accident "is not given a narrow, technical definition by the law.  It is construed, rather, in accordance with its understanding by the average [person] who, of course, relates it to the factual context in which it is used." *Miller v. Cont'l Ins. Co.*, 40 N.Y.2d 675 (1976) (citations omitted).  An intentional act may still constitute an occurrence, but recovery will be barred "if the insured intended the damages […] because the insured knew that the damages would flow directly and immediately from its intentional act."

9

*City of Johnstown v. Bankers Standard Ins. Co.*, 877 F.2d 1146, 1150 (2d Cir. 1989). "In those instances, coverage is precluded because the damages are not 'accidental.'" *Id*. at 1151.

Here, the Policy language is clear and unambiguous. Where, as here, the harm to the victim is inherent in the nature of the acts and the harm flowed directly and immediately from the acts of the actor, the resulting injuries are deemed to be intentional and not accidental, as a matter of law. *Middlesex Ins. Co. v. Mara*, 699 F.Supp.2d 439, 454 (D. Conn. 2010) (holding that the term "accident," as used in the insurance policy, did not encompass insured's alleged racially-motivated acts); *Allstate Insurance Company v. Vitality Physicians Group Practice P.C.*, 537 F.Supp.3d 533 (S.D.N.Y. 2021) (holding that due to the nature of the sexual assault allegations, the defendant is considered to have intended the harm that flowed from those acts as a matter of law); *see also Allstate Ins. Co. v. Mugavero*, 79 N.Y.2d 153 (N.Y. 1992). Sheldon testified that he punched Abbas in the face out of anger and fury because he had been "hanging out" with Sheldon's former girlfriend. The events alleged were not "unexpected, unusual, and unforeseen" from Sheldon's perspective, even though they were unexpected for Abbas. *See Michaels*, 85 N.Y.2d at 757-59. No material issue of fact can thus exist as to the Policy's meaning. As such, punching someone in the face out of anger and abhorrence cannot be termed as an accident by an average person. *See Vitality Physicians Group Practice P.C.*, 537 F.Supp.3d at 551.

Thus, Sheldon is not entitled to coverage because his act of assault on Abbas does not constitute as an "occurrence" or an "accident" within the terms of the Policy.

### 2. "Intentional and Criminal Acts" Exclusion in the Policy also Preclude Coverage

While the burden rests with an insured to show that the provisions of the policy provide coverage, if that burden is met, the burden then shifts to the insurer to show that an exclusion applies. *See Vitality Physicians Group Practice P.C.*, 537 F.Supp.3d at 552; *Those Certain Underwriters at Lloyd's, London v. DVO, Inc.*, 473 F. Supp. 3d 236, 257 (W.D.N.Y. 2020); *Chase Manhattan Bank, N.A.*, 702 N.Y.S.2d at 61. Even though Sheldon has failed to meet his burden to show that he is covered under the Policy, Allstate nevertheless surmounts this high burden here, as the intentional injuries exclusion is "specific and clear" even when "accorded a strict and narrow construction." *See Vitality Physicians Group Practice P.C.*, 537 F.Supp.3d at 552; *Beazley Ins. Co., Inc. v. ACE Am. Ins. Co.*, 880 F.3d 64, 68 (2d Cir. 2018); accord *Ment Bros. Iron Works Co., Inc. v. Interstate Fire & Cas. Co.*, 702 F.3d 118, 121 (2d Cir. 2012); *Crescent Beach Club LLC v. Indian Harbor Insurance Company*, 468 F.Supp.3d 515, 541 (E.D.N.Y. 2020).

"'The law governing the interpretation of exclusionary clauses in insurance policies is highly favorable to insureds.'" *See Those Certain Underwriters at Lloyd's, London*, 473 F. Supp. 3d at 257 (quoting *Pioneer Tower Owners Ass'n v. State Farm Fire & Cas. Co.*, 12 N.Y.3d 302, 306 (2009)). Here, Allstate's Policy excludes coverage for injuries that are intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, an insured person." *See* Allstate's Mot., Insuring Agreement, Section II Family Liability and Guest Medical Protection at 24, Ex. E. As such, the Policy exclusion is unambiguous, and its plain meaning excludes coverage for intentional acts like assault. Given that Sheldon pled guilty to the charge of Assault in the Third Degree, this Court finds that the Policy excludes

11

coverage for such intentional acts, which foreseeably result in bodily injury and property damages.  Since Sheldon assaulted Abbas by punching him in the face and breaking his jaw, he should have expected the harm he caused.  As a matter of law, this constitutes an intentional and criminal act and the exclusion in the Allstate Policy applies.  *See Smith v. N.Y. Cent. Mut. Fire Ins*. Co., 785 N.Y.S.2d 776, 777-78 (2004) (inferring intent to harm from act of swinging a baseball bat at victim's head); *see also Pagano v. Allstate Ins. Co.*, 5 A.D.3d 576 (N.Y. 2d Dept. 2004) (holding that "[s]ince the acts alleged in the underlying action sounding in assault and […] were intentional acts, they were not covered by the policy, and the defendant was not obligated to defend or indemnify the plaintiffs").

Thus, Sheldon's intentional act of assaulting Abbas is excluded from coverage under the Policy.

## V.   CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Allstate's Motion for Summary Judgment be granted because it has no duty to defend or indemnify Sheldon in the Underlying Action pursuant to the terms of the Policy.

**SO ORDERED.**

    /s/_____
Steven L. Tiscione
United States Magistrate Judge
Eastern District of New York

Dated: Central Islip, New York
       August 12, 2022